UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA DANIEL MILLS,

              Petitioner,

      v.

FRED FOULK,

              Respondent..

No.  2:14-cv-00513 WBS DAD P

FINDINGS AND RECOMMENDATIONS

Petitioner is a former state prisoner proceeding with retained counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss this action for lack of subject matter jurisdiction or, alternatively, because it is barred by the applicable statute of limitations.  The motions came on for hearing before the undersigned on September 12, 2014, in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Attorney Julia Young appeared on behalf of petitioner.  Deputy Attorney General Larenda Delaini appeared on behalf of respondent.  For the reasons set forth below, the undersigned will recommend that respondent's motion to dismiss be granted.

I.  Introduction

When petitioner commenced this federal habeas action on February 19, 2014, he was incarcerated at High Desert State Prison pursuant to a 2011 judgment of conviction and sentence

/////

/////

1

imposed under California's Three Strikes law.[1]  In his pending application for habeas relief,
however, petitioner purports to challenge a 2002 judgment of conviction that was counted as a
"strike" when he was sentenced in connection with his 2011 judgment of conviction.
Specifically, petitioner challenges the September 16, 2002 judgment of conviction and sentence
entered against him in Placer County Superior Court in Case No. 62-026161, which was imposed
pursuant to negotiated plea agreement under which petitioner entered a no contest plea on August
2, 2002.  Before this court petitioner contends that:  (1) his no contest plea in 2002 was not
knowing or voluntary, and (2) the plea agreement he entered into at that time was violated.
Specifically, petitioner asserts that the prosecutor failed to state a factual basis on the record for
petitioner's plea in 2002 and that the court failed to advise petitioner of the consequences of his
plea and of his right to withdraw it.  Petitioner also contends that he never received the mental
health treatment that he was promised to him as part of his 2002 plea agreement.

Respondent initially moved to dismiss this action for lack of subject matter jurisdiction
based on the argument that, when petitioner filed the instant petition, he was not "in custody,"
within the meaning of 28 U.S.C. §2254(a), with respect to the 2002 judgment of conviction he
seeks to challenge.  Alternatively, respondent moved for dismissal of this habeas action on the
ground that the petition was filed beyond the one-year statute of limitations set forth in 28 U.S.C.
§ 2244(d)(1).  In reply, respondent also contends that petitioner's federal habeas action does not
fall within the exception recognized in Dubrin v. California, 720 F.3d 1095 (9th Cir. 2013)
authorizing federal habeas review of a conviction that is used to enhance a subsequently imposed
sentence even where the sentence on the earlier conviction has fully expired.

II.  Background

On August 2, 2002, petitioner, then age 23, entered  no contest pleas in the in the Placer
County Superior Court to making criminal threats in violation of California Penal Code § 422 (a

---

[1]  Review of the Inmate Locator website operated by the California Department of Corrections
and Rehabilitation (CDCR) indicates that petitioner is no longer incarcerated under the authority
of the CDCR. See http://inmatelocator.cdcr.ca.gov/search.aspx.  See also Fed. R. Evid. 201 (court
may take judicial notice of facts that are capable of accurate determination by sources whose
accuracy cannot reasonably be questioned).

1   felony), and exhibiting a deadly weapon in violation of California Penal Code § 417(a)(1) (a

2   misdemeanor).  (See Pet'r Ex. A, Aug. 2, 2002 Reporter's Transcript (RT) of Proceedings of

3   Felony Guilty Plea (ECF No. 1-2 at 2-11); see also Resp't Lodged Document (LD) No. 1) and

4   Pet'r Ex. O, Aug. 19, 2002 Probation Officer's Report (ECF No. 3 at 2-29)).[2]  Petitioner's no

5   contest pleas were entered pursuant to a plea agreement which also called for dismissal of seven

6   additional counts brought against him to be dismissed with a "Harvey Waiver."[3]  At the same

7   2002 hearing on his entry of plea, petitioner also entered a negotiated no contest plea in Case No.

8   62-28491, and admitted violating the terms of his probation in Case Nos. 62-3779 and 62-12533

9   by the same conduct underlying the new charges that had been brought against him.[4]  (See Pet'r

10  Ex. A, Aug. 2, 2002 RT of Felony Guilty Plea (ECF No. 1-2 at 2-11).)

11          On September 16, 2002, the Placer County Superior Court imposed sentence in all of the

12  cases then pending against petitioner.  (See Pet'r Ex. E, Sept. 16, 2002 RT of Hearing on

13  Judgment and Sentencing (ECF No. 1-6 at 2-6); see also LD No. 1.)  In Case No. 62-026161,

14  imposition of sentence was suspended, petitioner was ordered to serve 183 days in county jail and

15  /////

16  /////

17  /////

18

---

19  [2]  This court may take judicial notice of its own records and the records of other courts.  See
    United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631
20  F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201.

21  [3]  The California Supreme Court's holding in People v. Harvey, 25 Cal. 3d 754 (1979), authorizes
22  trial courts to impose restitution on a defendant based on a count that is subsequently dismissed
    pursuant to a plea bargain.

23  [4]  Specifically, in Case No. 62-28491, petitioner pled no contest to violating California Penal
24  Code § 236 (false imprisonment by violence, a felony); Penal Code § 273d (corporal injury to a
    child, a misdemeanor); Penal Code § 273.6(a) (disobeying a domestic relations court order, a
25  misdemeanor); and a fourth count was dismissed with a "Harvey Waiver."  (Pet'r Ex. A (ECF
    No. 1-2 at 2-11); Pet'r Ex. O (ECF No. 3 at 2).)  Petitioner also admitted violating his probation
26  in Case No. 62-3779 (in which he was serving a three-year probation term for misdemeanor
    violation of former Penal Code § 166 (contempt of court), imposed October 1999); and Case No.
27  62-12533 (in which he was serving a three-year probation term for misdemeanor violation of
    Penal Code § 242 (battery), imposed February 2001).  (ECF No. 1-2 at 8; ECF No. 3 at 8.)
28

1    was placed on probation for a period of five years.[5]  (Id. at 3-4.)  In November 2004, pursuant to

2    the judgment of conviction in Case No. 62-026161, petitioner's probation was revoked and he

3    was sentenced to a determinate term of eight months in state prison.  (Mot. to Dismiss (ECF No.

4    21 at 2, 3); LD 2 at 3.)  Petitioner did not seek direct review of that judgment and sentence.

5    Effective August 27, 2009, petitioner was discharged from custody on Case No. 62-026161 based

6    on time served,[6] thus rendering his  sentence on his 2002 conviction fully expired.  (Mot. to

7    Dismiss (ECF No. 21 at 3); LD 12 (see attached "Court Commitment")).[7]

8              On May 25, 2010, counsel for petitioner filed a request to stay his trial on new criminal

9    charges that had been brought against petitioner in in the Placer County Superior Court Case No.

10   62-84322 involving charges of assault and battery on a peace officer.  At the same time

11   petitioner's counsel filed a petition for writ of habeas corpus challenging petitioner' 2002

12   judgment of conviction in Case No. 62-026161, the same conviction petitioner purports to

13   challenge in this federal habeas action.  (LD 3 (Pet. for Writ of Habeas Corpus filed in the Placer

14   County Superior Court on May 25, 2010)).  Specifically, that state habeas petition challenged the

15   validity of petitioner's 2002 judgment of conviction and its potential designation as a "strike"

16   under California's "Three Strikes Law," at a future sentencing in the then-pending Case No. 62-

17   84322.  (See LD 3.)  Petitioner contended therein that "[t]here is no set time limit for filing a state

18   petition for writ of habeas corpus" (citing In re James, 38 Cal.2d 302 (1952)), and "[t]he issues

19   set forth in this writ did not come to light until after a careful review of the change of plea

20   transcript."  (Id. at 9.)  Noting that these issues arose in motions in limine in the then-pending

---

21   [5]  Consecutive sentences were imposed on petitioner in petitioner's other three pending cases, as
22   follows:  in Case No. 62-28491, he was sentenced to serve 182 days in county jail, with credit for
     time served; in Case Nos. 62-3779 and 62-12533, he was sentenced to 30 days in county jail with
23   termination of probation upon completion of each respective custody term.  (Pet'r Ex. E, Sept. 16,
     2002 RT of Judgment and Sentencing (ECF No. 1-6 at 4)).
24
     [6] On the same date, petitioner was discharged from Case No. 62-28491, based on time served.
25   (LD 12 ("Court Commitment").)

26   [7]  At the hearing before this court on the pending motion to dismiss, respondent's counsel stated
27   that Lodged Document No. 13 contained petitioner's discharge papers.  It appears, however, that
     the intended document was inadvertently attached to Lodged Document No. 12 and that no
28   Lodged Document No. 13 was submitted to this court.

1    criminal prosecution against petitioner, Case No. 62-84322, the Superior Court issued an order to

2    show cause, obtained additional briefing, and held an evidentiary hearing that including the taking

3    of testimony from petitioner's trial counsel in the 2002 prosecution, Case No. 62-026161.  (LD 4

4    at 3.)

5            On October 4, 2010, the Placer County Superior Court granted the petition for writ of

6    habeas corpus, set aside the 2002 judgment.  (See Pet'r Ex. O, Oct. 4, 2010 Order Granting Writ

7    of Habeas Corpus (ECF No. 3-1 at 2-10); also at LD 4.)  In so ruling, the Superior Court found

8    that petitioner misunderstood the nature of his plea in 2002, because a "West plea"[8] does not

9    authorize the maintenance of innocence but concedes guilt on lesser included offenses; that

10   neither the prosecutor nor the trial court stated a factual basis for the plea; and that the trial court

11   failed to inform petitioner of the possible consequences of his plea.  The Superior Court

12   concluded that these "three separate and weighty factors . . . combined to bring about a plea

13   which this court finds to be lacking in the constitutional safeguards which provide courts with the

14   confidence that they got it right."  (Id., ECF No. 3-1 at 8.)  The Superior Court also continued

15   petitioner's trial in the new criminal case, Case No. 62-84322, that had been brought against him.

16   (Id. at 9.)

17           On November 12, 2010, respondent filed a notice of appeal from the Superior Court's

18   order granting habeas relief.  (LD 5.)  On September 9, 2011, the California Court of Appeal for

19   the Third Appellate District, reversed the grant of habeas relief and remanded the case with

20   directions to the Superior Court to deny the petition.[9]  (See Pet'r Ex. H, Sept. 9, 2011 Decision of

21   California Court of Appeal (ECF No. 1-9 at 2-15); see also LD 9 and In re Mills, 2011 WL

22

23   [8]  The California Supreme Court's holding in People v. West, 3 Cal. 3d 595, 60 (1970), authorizes
     trial courts to approve plea bargains in which the defendant agrees to plead guilty or no contest to
24   an uncharged lesser offense in order to obtain a more lenient sentence.  See In re Mills, 2011 WL
     4005394, at *4 (Cal. App. 3d, Sept. 9, 2011).  The undersigned would also note that the Ninth
25   Circuit has held that that no constitutional issue cognizable under § 2254 exists, despite citations
     to West, where the state trial court's failure to find a factual basis for a no contest plea is
26   "unaccompanied by protestations of innocence."  Loftis v. Almager, 704 F.3d 645, 648 (9th Cir.
     2012), cert. denied ___U.S.___, 134 S. Ct. 107 (2013).
27

28   [9]  This directive was not implemented until April 30, 2014.  (LD 10.)

1   4005394 (Cal. App. 3d, Sept. 9, 2011).  The California Court of Appeal found that petitioner's

2   2002 plea was voluntarily entered and that the terms of his plea agreement in that case had not

3   been violated.  The state appellate court also found that, although the plea was mischaracterized

4   as a West plea and should have instead been characterized as an Alford[10] plea, petitioner's "belief

5   in his innocence does not vitiate his plea's validity" because other facts noted in the probation

6   report supported his guilt.  In re Mills, 2011 WL 4005394 at *4.  In addition, the court found that

7   the facts set forth in petitioner's 2002 probation report rendered harmless the error of the trial

8   court in failing to determine by independent inquiry at the time the plea was entered whether a

9   factual basis existed for that plea.  Id. at *3-4.  The state appellate court also concluded that the

10  trial court's failure to advise petitioner of the consequences of his plea did not undermine its

11  voluntariness and was not prejudicial because "[i]t is inconceivable" that petitioner would have

12  rejected a plea bargain calling for no prison time and potential mental health treatment "had he

13  been informed of the sentencing range for criminal threats, a consequence contingent upon

14  probation being terminated at some later date."  Id. at *4-5.  Finally, the state appellate court

15  found that petitioner's plea agreement had not been violated because the evidence of record

16  indicated that petitioner was assessed and found unsuitable for mental health treatment.  Id. at *6.

17      On September 6, 2012, Petitioner sought habeas relief in the California Supreme Court

18  (Case No. S205176).  (LD 11.)[11]  That petition was summarily denied on February 20, 2013.

19  (Pet'r Ex. G, Feb. 20, 2013 Decision of the California Supreme Court (ECF No. 1-8 at 2)).  On

20  /////

21  /////

22  /////

23   /////

24

25  [10]  The United States Supreme Court held in North Carolina v. Alford, 400 U.S. 25, 35 (1970), that trial courts "may impose a prison sentence after accepting a plea of nolo contendere, a plea

26  by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty."

27  [11]  Lodged Documents 10 and 11 as submitted be respondent in these proceedings are mistitled.

28  Accordingly, the court has referenced these documents by their content, not their titles.

1    February 19, 2014, petitioner filed the instant federal habeas petition.[12]  (ECF No. 1.)

2    III.  Analysis

3        A.  The "In Custody" Requirement of 28 U.S.C. § 2254(a)

4        As noted above, respondent first contends that this court is without jurisdiction to hear this

5    matter because petitioner did not meet the "in custody" requirement of the federal habeas statute

6    when he commenced this federal habeas action.  Petitioner concedes that when he filed the instant

7    petition, he was not "in custody" as a direct result of his 2002 judgment of conviction which he

8    purports to challenge here, but rather was in custody with respect to his 2011 conviction, the

9    sentence on which was enhanced by his 2002 conviction.

10       A federal district court "shall entertain an application for a writ of habeas corpus in behalf

11   of a person in custody pursuant to the judgment of a State court only on the ground that he is in

12   custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

13   2254(a).  See also 28 U.S.C. § 2241(c)(3).  The "in custody" requirement of § 2254 goes to the

14   court's subject-matter jurisdiction.  Maleng v. Cook, 490 U.S. 488, 490 (1989); Williamson v.

15   Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998).

16       A habeas corpus petitioner must be "in custody" under the conviction or sentence under

17   attack at the time his petition is filed.  Maleng, 490 U.S. at 490-91 (citing Carafas v. LaVallee,

18   391 U.S. 234, 238 (1968)).  "[O]nce the sentence imposed for a conviction has completely

19   expired, the collateral consequences of that conviction are not themselves sufficient to render an

20   _____

21   [12]  On November 27, 2013, the California Court of Appeal for the Third Appellate District,
     affirmed petitioner's 2011 judgment of conviction and sentence in Placer County Superior Court
22   Case No. 62-84322.  See People v. Mills, Case No. C070089, 2013 WL 6185002 (Cal. App. 3d
     Nov. 27, 2013).  In doing so the court acknowledged that, due to the passage of California
23   Proposition 36 while petitioner's appeal was pending, "[i]f defendant had been sentenced today,
     he would not be subject to a 25-to-life three strikes sentence."  Id. at *5.  The state appellate court
24   observed that petitioner's "only recourse is to petition for a recall of sentence in the trial court
     pursuant to Section 1170.126," which authorizes resentencing as a second strike offender if
25   certain conditions are met.  Id. at *6.  The California Supreme Court denied review on February
     11, 2014 (Case No. S215498), stating that "[t]he petition for review is denied without prejudice to
26   any relief to which defendant might be entitled after this court decides People v. Conley,
     S211275."  The issue still pending before the California Supreme Court in Conley is whether
27   California's Three Strikes Reform Act of 2012 applies retroactively to a defendant who was
     sentenced before the Act's effective date but whose judgment was not final until after that date.
28

                                                    7

1    individual 'in custody' for the purposes of a habeas attack upon it." <u>Maleng</u>, 490 U.S. at 492.

2    The Supreme Court specifically rejected the argument that a habeas petitioner remains "in

3    custody" under a fully expired conviction "merely because of the possibility that the prior

4    conviction will be used to enhance the sentences imposed for any subsequent crimes of which he

5    is convicted." Maleng, 490 U.S. at 492.  <u>See also</u> <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1060

6    (9th Cir. 2011) (In <u>Maleng</u> "the Supreme Court held that a defendant who had completed serving

7    his sentence could not obtain habeas corpus relief with respect to that conviction merely because

8    it could possibly be used to enhance his sentence if he committed a subsequent crime, [citation

9    omitted], although it held open the possibility of a challenge to an actual subsequent sentence so

10   enhanced, [citation omitted].")  Thus, the "in custody" requirement simply does not extend to a

11   situation where the habeas petitioner suffers no present restraint from the conviction under attack.

12   Maleng, 490 U.S. at 492.  Put another way, "once a state conviction is no longer open to direct or

13   collateral attack in its own right because the defendant failed to pursue those remedies while they

14   were available (or because the defendant did so unsuccessfully), the conviction may be regarded

15   as conclusively valid." <u>Lackawanna County Dist. Att'y v. Coss</u>, 532 U.S. 394, 403 (2001).

16        In the present case, petitioner is challenging a 2002 judgment of conviction, the sentence

17   upon which had fully expired, that was relied upon to enhance the sentence on his 2011 judgment

18   of conviction, which sentence petitioner was serving at the time he filed his federal habeas

19   petition.  The Supreme Court has also recognized, however,  that in such circumstances an

20   application for federal habeas relief may be construed as "asserting a challenge to the [current]

21   sentence, as enhanced by the allegedly invalid prior [] conviction," thereby meeting the "in

22   custody" requirement of the federal statute.  <u>Coss</u>, 532 U.S. at 401-02 (citation, internal quotation

23   marks and punctuation omitted).

24        The Ninth Circuit Court of Appeals has applied the Supreme Court's decision in <u>Coss</u> to

25   hold that the district court has jurisdiction to consider the merits of a habeas petition challenging a

26   conviction upon which the petitioner was "no longer 'in custody.'" <u>Dubrin</u>, 720 F.3d at 1097.  In

27   <u>Dubrin</u>, the Ninth Circuit construed the petition at issue as a challenge to the petitioner's  2008

28   three-strikes sentence "as enhanced" by his 2000 conviction, noting that the latter "was an

8

1    essential pillar of the three-strikes sentence he received in 2008." Id.  The court concluded that

2    Dubrin was therefore "'in custody' under the 2008 sentence, the constitutionality of which the

3    district court may review under 28 U.S.C. § 2254(a)." Id. (citing Coss, 532 U.S. at 401-02). [13]

4         Here, the holdings in Coss and Dubrin appear to require that this court liberally construe

5    petitioner's instant petition which purportedly challenges his 2002 conviction, as in fact a

6    challenge to his 2011 judgment and sentence as enhanced by his 2002 conviction.  So construed,

7    the instant petition meets the initial foundational "in custody" requirement of 28 U.S.C. §

8    2254(a).  Dubrin, 720 F.3d at 1097; Coss, 532 U.S. at 401-02.

9         B.  Lack of Jurisdiction to Review Petitioner's Fully Expired Conviction

10        Concluding that in this case petitioner has satisfied the "in custody" requirement of §

11   2254, however, does not resolve respondent's motion to dismiss the pending petition for lack of

12   subject matter jurisdiction.  Notwithstanding the deferential construction of the "in custody"

13   requirement under the decisions in Coss and Dubrin, the Supreme Court has nonetheless narrowly

14   circumscribed the jurisdiction of the federal courts to review challenges to a prior conviction

15   relied on to enhance a subsequent sentence.  The Supreme Court has emphasized that the validity

16   of a fully expired conviction may not be challenged simply because it was relied upon to enhance

17   a subsequent sentence:

18              [O]nce a state conviction is no longer open to direct or collateral
                attack in its own right because the defendant failed to pursue those
19              remedies while they were available (or because the defendant did so
                unsuccessfully), the conviction may be regarded as conclusively
20              valid.   If that conviction is later used to enhance a criminal
                sentence, the defendant generally may not challenge the enhanced
21              sentence through a petition under § 2254 on the ground that the
                prior conviction was unconstitutionally obtained.
22

23   Coss, 532 U.S. at 403-04 (citation omitted).

24   /////

25   _____
     [13]  Notably, following remand by the Ninth Circuit in Dubrin, , the petitioner's  two federal
26   habeas actions were consolidated in the district court.  See Order filed June 9, 2014 in Case No.
     10-cv-1032, ECF No. 50 at 4 ("[i]n short, the two cases involve that same parties and challenge
27   the same judgment").  In the instant case, petitioner does not assert, and this court has not
     identified, a second federal habeas action pursued by petitioner, e.g., challenging his 2011 three-
28   strikes enhanced sentence.

                                                    9

1    The Supreme Court had earlier recognized one exception to this rule, authorizing federal

2  habeas review of a fully expired prior conviction "where there was a failure to appoint counsel in

3  violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963)."

4  Coss, 532 U.S. at 404.  See also Johnson v. United States, 544 U.S. 295, 303 (2005) ("We

5  recognized only one exception to this rule that collateral attacks were off-limits, and that was for

6  challenges to state convictions allegedly obtained in violation of the right to appointed counsel

7  . . . .") (Citations omitted.)  The plurality in Coss recognized the possibility of an additional

8  exception to the rule when petitioner could not be "faulted for failing to obtain timely review of a

9  constitutional claim," for example, if a state court, "without justification, refuse[d] to rule on a

10  constitutional claim that has been properly presented to it;" or when a petitioner obtained

11  "compelling evidence that he is actually innocent of the crime for which he was convicted . . .

12  which he could not have uncovered in a timely manner."  Coss, 532 U.S. at 405 (citations

13  omitted).[14]

14    In Dubrin, the Ninth Circuit acknowledged that, despite its finding that the petitioner in

15  that case was "in custody" for purposes of the federal habeas statute, Coss required "further

16  discussion" of whether the federal habeas court had jurisdiction to review the substance of his

17  petition.  Dubrin, 720 F.3d at 1097.  The court in Dubrin concluded that the facts in that case were

18  consistent with those theoretically suggested in the Coss plurality opinion, specifically, that

19  federal habeas review of a prior conviction upon which the sentence had expired may still be

20  appropriate "when a defendant, despite exercising reasonable diligence, did not receive a full and

21  fair opportunity to obtain state-court review of his prior conviction."  Id. at 1098.  In that context,

22  the Ninth Circuit articulated the following exception to the general rule preluding federal habeas

23  review of a conviction for which the sentence was fully expired:

24           We . . . hold that when a defendant cannot be faulted for failing to
            obtain timely review of a constitutional challenge to an expired
25           prior conviction, and that conviction is used to enhance his sentence

26  ─────────────────
[14]  In a companion § 2255 case decision issued the same day a four-justice plurality similarly
27  recognized "that there may be rare cases in which no channel of review was actually available to
   a defendant with respect to a prior conviction, due to no fault of his own."  Daniels v. United
28  States, 532 U.S. 374, 383 (2001).

1
2
> for a later offense, he may challenge the enhanced sentence under §
> 2254 on the ground that the prior conviction was unconstitutionally
> obtained.

3   Dubrin, 720 F.3d at 1099.

4       Here, petitioner seeks federal habeas review of his 2002 conviction, which was relied

5   upon to enhance his 2011 sentence, under the exception articulated by the Ninth Circuit in

6   Dubrin.[15]  Specifically, petitioner asserts that his 2002 plea and resulting conviction and sentence

7   were unconstitutional; that this unconstitutionality did not become apparent until his counsel's

8   review of petitioner's entire criminal record in 2010; and that petitioner could not previously have

9   discovered this claim because he was proceeding pro se in the interim.

10       Petitioner's allegations, however, fall far short of establishing the extraordinary

11   circumstances permitting review of a conviction upon which the sentence has expired under

12   Dubrin's narrow exception.  In Dubrin, the petitioner had pled no contest in 2000 to a criminal

13   charge after being incorrectly informed by both the prosecutor and the trial judge that the

14   resulting conviction could not subsequently be used as strike for sentencing enhancement

15   purposes.  Thereafter, in 2004 and 2005, after learning that the conviction could in fact constitute

16   a strike under California's Three Strikes law, Dubrin sought habeas relief in the state courts.  The

17   California Court of Appeal and the California Supreme Court summarily denied relief on the

18   erroneous ground that Dubrin was not then "in custody" on the challenged conviction.  Dubrin

19   did not pursue federal habeas relief at that time.  Subsequently, pursuant to a new conviction he

20   incurred in 2008, Dubrin's 2000 conviction was relied upon by the sentencing court to impose a

21   Three Strikes sentence upon him.  While challenging his 2008 conviction on direct review,

22   Dubrin filed a second round of state habeas petitions challenging his 2000 conviction.  Each of

23   those state habeas petitions was summarily denied.  In 2010, Dubrin filed his federal habeas

24   petition challenging his 2000 conviction.  The district court denied relief.  The Ninth Circuit

25   reversed, finding that the state courts had erred in their assessment that petitioner was not "in

26
27
28
---
[15]  Petitioner does not argue that he comes within the exception recognized in Coss.  The undersigned notes that petitioner was represented by counsel when he entered his plea in 2002. Nor does petitioner pursue the Coss plurality opinion's exception premised on actual innocence. Although petitioner generally asserts that he was innocent of the charges underlying his 2002 conviction, he does not advance this assertion with any supporting argument or evidence.

1  custody" in connection with his 2000 conviction when he filed his state habeas petitions in 2004

2  and 2005, because petitioner was at that time on parole with respect to his 2000 conviction.  The

3  Ninth Circuit also found that "Dubrin cannot be faulted for failing to correct the state courts' error

4  by advising them that he was still 'in custody' by virtue of being on parole."  Dubrin, 720 F. 3d at

5  1100.  Under these circumstances the Ninth Circuit held that Dubrin was not barred from

6  challenging his 2000 conviction by way of application for federal habeas relief because it would

7  not "serve the interests of law and justice to deprive a state prisoner of what 'may effectively be

8  the first and only forum available for review of the prior conviction.'"  Id. at 1099 (citing Coss,

9  532 U.S. at 406).

10        The facts of the case now before this court are clearly distinguishable from those

11  confronted by the Ninth Circuit in Dubrin.  Here, petitioner relies heavily on his pro se status

12  between 2002 and 2010.  However, petitioner's pro se status does not excuse his failure to pursue

13  direct or collateral review of his 2002 conviction before 2010, when his new counsel investigated

14  petitioner's criminal record and filed his first state court habeas petition.  It is well established in

15  the statute of limitations context that a prisoner's pro se status and ignorance of the law are not

16  extraordinary circumstances excusing untimely legal challenges.  See Raspberry v. Garcia, 448

17  F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself,

18  an extraordinary circumstance warranting equitable tolling" in habeas).

19        Second, despite petitioner's lack of diligence, he ultimately obtained substantive review of

20  his 2002 conviction at each possible level of review by the California courts.  In October 2010,

21  the Placer County Superior Court granted petitioner habeas relief and set aside the judgment.  In

22  September 2011, the Court of Appeal reversed and remanded with directions to the Superior

23  Court to deny the habeas petition.  In February 2013, the California Supreme Court summarily

24  denied review.  Unlike the petitioner in Dubrin, in this case petitioner was accorded full

25  substantive review of his claims challenging his 2002 conviction on the merits by the state courts.

26  Under these circumstances, for this court to assume federal habeas jurisdiction at this juncture

27  would not provide the "first and only forum available for review of the prior conviction."  Dubrin,

28  720 F. 3d at 1099.  Petitioner has already received collateral review of that judgment conviction

1  on the merits in state court.

2         For these reasons, the undersigned finds that the instant petition does not come within the

3  limited exception articulated by the Ninth Circuit in Dubrin for according federal habeas

4  jurisdiction over a conviction upon which the sentence has been fully discharged, despite later

5  reliance on the conviction to enhance the sentence imposed in connection with a subsequent

6  conviction.  This case does not present exceptional circumstances justifying the exercise of

7  federal habeas jurisdiction, such as "when a defendant, despite exercising reasonable diligence,

8  did not receive a full and fair opportunity to obtain state-court review of his prior conviction."

9  Dubrin, 720 F. 3d at 1098.  Rather, the instant action comes within the general rule reiterated by

10  the Supreme Court in Coss, that "once a state conviction is no longer open to direct or collateral

11  attack in its own right because the defendant failed to pursue those remedies while they were

12  available . . . the conviction may be regarded as conclusively valid."  Coss, 532 U.S. at 403.

13         This conclusion is supported by recent district court decisions addressing these issues.

14  Instructive in this regard is the decision in Barroca v. United States, No. CR -94-0470 EMC, 2014

15  WL 5528063 (N.D. Cal. Oct. 31, 2014).  In that case the movant sought to challenge a 1989 state

16  court conviction, the sentence on which had expired, which was relied upon to enhance his

17  current federal sentence.  Id. at *1.   The district court rejected petitioner's contention that under

18  the decisions in Coss, Daniel and Dubrin, he fell within the exception that allowed him to

19  collaterally challenge his expired state court conviction that had been used to enhance his current

20  federal sentence.  In so ruling the district court stated:

21         The import of the pluralities' opinions [in Daniels and Coss] and
           Dubrin was that there might be circumstances where a defendant
22         cannot be faulted for not having obtained timely review of the prior
           conviction.
23
                                          * * *
24
           Here, there is no reason Petitioner could not have filed timely state
25         habeas petitions or direct appeals of his constitutional claims. As
           the Superior Court noted, there is no explanation for his failure to
26         seek review between 1989 and 2005 (when he first filed a motion to
           vacate the state court conviction). [citation omitted].  Also, as the
27         Superior Court noted, Petitioner's lack of access to his legal papers
           and to California state law between 2005 and 2010 due to his
28         incarceration in federal prison are not circumstances that excuse his

                                            13

1    failure to seek review during this period.

2                          * * *

3    Here, Petitioner has not presented any "newly discovered evidence"
     or evidence he "could not have uncovered in a timely manner."
4    Petitioner presents only the evidence that existed at the time of his
     1989 conviction, which he could have presented in 1989.
5
                          * * *
6
     Further, not only were channels of review available, Petitioner did
7    in fact obtain review of his prior conviction through his habeas
     petitions in the state courts, although they were denied.
8
                          * * *
9
     The circumstances here are different from those in Dubrin, where
10   the state courts had "without justification, refuse[d] to rule on a
     constitutional claim that has been properly presented to [them]."
11   Dubrin, 720 F.3d at 1098. The state courts' refusals to rule on
     Dubrin's constitutional claims were without justification, since the
12   "justification" was an erroneous understanding of the law that a
     parolee was not "in custody." Further, Dubrin was misinformed by
13   the judge and prosecutor that his conviction would not count as a
     strike, so presumably, he believed he had no grounds to seek
14   review. Here, the state courts refused to rule on the merits of
     Petitioner's constitutional claims, but with justification; by all
15   appearances, they determined that Petitioner failed to demonstrate
     good cause for delay or actual innocence.
16
     Because this is not a case where "no channel of review was actually
17   available to a defendant with respect to a prior conviction, due to no
     fault of his own," the exceptions suggested by the pluralities in
18   Daniels and Coss, and in Dubrin do not apply. Since there was no
     Gideon violation under Daniels, Petitioner cannot attack his prior
19   state court conviction in a § 2255 motion even if it was used to
     enhance his current federal sentence.
20

21   2014 WL 5528063, at *5-6.  See also Jacob v. Persson, No. 6:12-cv-1680-MA, 2015 WL 268988,

22   *13 (D. Or. Jan. 20, 2015) (concluding that petitioner was barred from obtaining federal habeas

23   review of a challenge to his prior convictions and finding Dubrin inapposite on the ground that

24   "[p]etitioner has not shown that he suffered an unjustified refusal of a state court to rule on his

25   constitutional claim concerning his prior conviction"); Pearce v. Lizarraga, No. 2:13-cv-2321

26   GGH P, 2014 WL 975391,*2 (E.D. Cal. Mar. 12, 2014) (granting a motion to dismiss petitioner's

27   habeas challenge to a 2001 juvenile commitment which was used to enhance the sentence on his

28   2006 conviction and finding the decision in Coss inapposite because it allows collateral

                                        14

1    challenges to a prior conviction only where there was a failure to appoint counsel, and Dubrin

2    inapposite because it authorizes an exception to Coss only when the state courts' failure to reach

3    the merits of petitioner's challenge to his prior conviction was unjustifiable); Cox v.

4    Montgomery, No. CV 12-7237-JFW (DTB), 2014 WL 462860, at *14 (C.D. Cal. Feb. 5, 2014)

5    (rejecting as facially without merit petitioner's challenge to a 1994 juvenile conviction because

6    petitioner had failed to assert that "the state court, without justification, refused to rule on a

7    properly presented constitutional claim, or that evidence of actual innocence is discovered after

8    the time for review has expired, through no fault of petitioner's" as required by the decisions in

9    Coss and Dubrin.); Patterson v. Trimble, No. 1:11-cv-0032-BAM-HC, 2013 WL 3422481, at *13

10   (E.D. Cal. July 8, 2013) (rejecting a petitioner's challenge to his 1995 plea and conviction which

11   was relied upon to enhance his current sentence in part because he "had not shown that he

12   suffered an unjustified refusal of a state court to rule on his constitutional claim concerning his

13   prior conviction" as required to qualify for the exception recognized by the Ninth Circuit in

14   Dubrin)

15        Accordingly, the undersigned concludes that no recognized exception allows

16   consideration of petitioner's challenge to his 2002 state court conviction upon which his sentence

17   long ago expired and that court is without jurisdiction to address the merits of his federal habeas

18   petition pending before the court.  Therefore, the undersigned recommends that respondent's

19   motion to dismiss be granted on that basis.  In light of this recommendation, the undersigned need

20   not reach respondent's alternate argument that the petition should be dismissed as time-barred

21   under the applicable statute of limitations.

22   IV.  Conclusion

23        For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

24        1.  Respondent's motion to dismiss (ECF No. 21), be granted; and

25        2.  Petitioner's petition for writ of habeas corpus filed February 19, 2014, be dismissed for

26   lack of subject matter jurisdiction.

27        These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

1   after being served with these findings and recommendations, any party may file written

2   objections with the court and serve a copy on all parties.  Such a document should be captioned

3   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, petitioner

4   may address whether a certificate of appealability should issue in the event he files an appeal of

5   the judgment in this case.  See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal

6   may not be taken from the final decision of a district judge in a habeas corpus proceeding or a

7   proceeding under 28 U.S.C. § 2255).  Any response to the objections shall be served and filed

8   within seven days after service of the objections.  Failure to file objections within the specified

9   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

10  (9th Cir. 1991).

11  Dated:  February 19, 2015

12

13                                                    DALE A. DROZD
                                                      UNITED STATES MAGISTRATE JUDGE
14  DAD:4
    mills0513.hc.mtd
15

16

17

18

19

20

21

22

23

24

25

26

27

28

16